UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN SYSTEMS CONSULTING, INC.,

      **Plaintiff,**            Case No. 2:07-cv-818
                                       JUDGE GREGORY L. FROST
   **v.**                            Magistrate Judge Terence P. Kemp

LEONARD GLENN DEVIER, et al.,

      **Defendants.**

## OPINION AND ORDER

On September 4, 2007, this matter came before the Court for consideration of Plaintiff's motion for a preliminary injunction (Doc. # 19) and Defendants' memorandum in opposition (Doc. # 21). The Court conducted an in-court hearing and, after Plaintiff concluded its presentation of evidence, the Court granted Defendants' oral motion to deny the preliminary injunction. This Order memorializes the findings and decision of the Court, which the Court already placed on the record at the close of the preliminary injunction hearing.

### I. Background

The following facts briefly summarize the testimony and evidence received at the September 4, 2007 hearing. The findings of fact and conclusions of law made herein in connection with the request for injunctive relief are not binding at a trial on the merits. *See United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (citing *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981)).

Plaintiff, American Systems Consulting, Inc., is an Ohio corporation that currently provides computer and software systems and consulting for private businesses and, previously,

1

for the government agency the Defense Commissary Agency ("DeCA").  Defendants Leonard Glenn Devier, John Spatz, and Michael Pegg were all employed by Plaintiff until approximately mid-2007.

On January 21, 2005, both Devier and Spatz signed non-compete agreements with Plaintiff.  Pegg signed a similar agreement on August 31, 2004.  Among other provisions, the agreements provided that in the event of termination of employment, neither Devier nor Spratz could work for any competitor of Plaintiff for a period of six months, anywhere in the world where Plaintiff conducted business.  Pegg's agreement was for a two-year period following termination of employment.  The agreements also contain confidentiality and trade secrets provisions precluding the disclosure of Plaintiff's confidential, proprietary, or trade secret information.

Spatz's employment with Plaintiff ended on April 15, 2007, Devier's employment with Plaintiff ended on June 30, 2007, and Pegg's employment with Plaintiff ended on July 31, 2007.  All three men subsequently began working for Defendant ManTech Security Technologies Corporation (ManTech"), which now holds the contract once held by Plaintiff to provide services to DeCA.

Seeking to enforce the non-compete agreements and to recover for alleged violations of Ohio's Uniform Trade Secrets Act, Ohio Rev. Code § 1333.61, for unjust enrichment, and for tortious interference with a contractual relationship, Plaintiff filed a complaint in the Court of Common Pleas of Franklin County, Ohio on August 14, 2007.  (Doc. # 3.)  Upon Plaintiff's motion, the state court then entered a temporary restraining order on that same day.  (Doc. # 2-8.)  Defendants then removed the case to this Court on August 20, 2007.  (Doc. # 2.)

On August 24, 2007, this Court held an in-chambers, informal conference with the parties' counsel pursuant to S.D. Ohio Civ. R. 65.1(a). During the course of that conference, the parties raised numerous jurisdictional arguments in addition to arguing the merits of the temporary restraining order. The Court ordered expedited briefing on the issues raised and, after considering the briefs, issued an August 28, 2007 Opinion and Order in which the Court denied Plaintiff's oral motion to remand and granted Plaintiff's motion to extend the temporary restraining order. (Doc. # 13.)

Plaintiff then filed a motion for a preliminary injunction in compliance with S.D. Ohio Civ. R. 65.1(b). (Doc. # 19.) The Court therefore conducted the September 4, 2007 preliminary injunction hearing. At that hearing, Plaintiff presented the testimony of only one witness, Cliff Gallatin, who is Plaintiff's president. At the conclusion of direct examination, Defendants asked the Court to deny Plaintiff's motion. The Court denied the request and Defendants proceeded on cross examination. Following redirect and additional questioning by Defendants, Plaintiff concluded its case. Defendants then again moved for a denial of the preliminary injunction motion on the grounds that Plaintiff had failed to meet its burden. The Court granted Defendant's oral motion and issued a verbal decision from the bench.

## II. Discussion

The Sixth Circuit Court of Appeals has explained the consequent inquiry involved in addressing a motion for a preliminary injunction:

> "When ruling on a motion for [injunctive relief], a district court must consider and balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."

3

*Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Columbia/HCA Healthcare Corp.,* 110 F.3d 318, 322 (6th Cir.1997) (citations omitted)). *See also Edward Rose & Sons*, 384 F.3d at 261 (quoting *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994)). That court has further explained that a district court should not consider the foregoing factors as prerequisites to be met; rather, these factors are to be balanced in a weighing of the equities involved. *Edward Rose & Sons*, 384 F.3d at 261. The moving party must demonstrate a right to injunctive relief by clear and convincing evidence. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 969 (6th Cir. 2002); *Honeywell, Inc. v. Brewer-Garrett Co.*, 145 F.3d 1331, 1998 WL 152951, at *3 (6th Cir. 2002) (unpublished table decision).

  The Court has already set forth on the record its oral findings concerning the traditional injunctive relief factors. Accordingly, the Court will only discuss them briefly here.

  The first factor this Court must weigh in determining whether preliminary injunctive relief is warranted is whether Plaintiff has established a substantial likelihood or probability of success on the merits. Having considered the written submissions in this case, the testimony presented, and the exhibits entered into the record, the Court concludes that Plaintiff has not demonstrated a sufficient likelihood of prevailing on the merits.

  Serious questions exist as to whether Plaintiff and Defendant ManTech are currently competitors. The evidence indicates that they have previously been competitors for the same business and that they may one day be so again. But the evidence calls into significant doubt that the companies are currently in competition for the same business, especially for a period of at least the next six months while Plaintiff refocuses its business plan on the private sector. If

ManTech is not a competitor, then the non-compete agreements are inapplicable here.

Even if the non-compete agreements apply, however, there are serious doubts as to whether they are reasonable under Ohio law. The Sixth Circuit Court of Appeals has explained the inquiry this Court must undertake to decide whether a non-compete agreement is enforceable:

> Under Ohio law, a court must examine a non-competition covenant to determine the reasonableness of the restrictions. *Raimonde v. Van Vlerah,* 42 Ohio St.2d 21, 325 N.E.2d 544, 547 (1975). To make that determination, the court should consider the absence or presence of a long list of factors: whether the covenant imposes temporal and spatial limitations, whether the employee had contact with customers, whether the employee possesses confidential information or trade secrets, whether the covenant bars only unfair competition, whether the covenant stifles the employee's inherent skill and experience, whether the benefit to the employer is disproportionate to the employee's detriment, whether the covenant destroys the employee's sole means of support, whether the employee's talent was developed during the employment, and whether the forbidden employment is merely incidental to the main employment. *Id.*
>
> The *Raimonde* court summarized these factors by concluding that a non-competition covenant "is reasonable if it is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public." *Id.* If the covenant does impose unreasonable restrictions, the court still must enforce the covenant "to the extent necessary to protect the employer's legitimate interests." *Id.*

*Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992). *See also Rogers v. Runfola & Associates*, 57 Ohio St. 3d 5, 8, 565 N.E.2d 540, 543 (1991).

Applying the inquiry described above, the Court concludes that it is questionable whether the agreements involved in this case are reasonable. Although Plaintiff initially asked for enforcement of the agreements for limited periods, Plaintiff's president ultimately testified that he–and by extension, the company–regarded the agreements as barring Devier, Spatz, and Pegg from ever working for ManTech because their disclosure of confidential or trade secrets would

5

be inevitable.  By seeking to enforce the agreements in such a manner, Plaintiff punctured any hope of reasonableness; the presumed inevitable disclosure obviates the time limitations of the agreements and in effect converts them into permanent restrictions on employment with no temporal qualification.

There are also serious question as to whether Plaintiff can restrict use of any of the allegedly confidential material involved in the work performed at DeCA, as well as whether Plaintiff has taken sufficient measures to safeguard any protected content.

Additionally, as the Court noted at this juncture at the hearing, Plaintiff comes to this Court with unclean hands to seek an equitable remedy of injunctive relief.  Plaintiff's president admitted on the stand that it has not paid Pegg salary he is due.  Although of limited import, this fact nonetheless weighs against granting the injunction.

The second factor the Court must consider is whether Plaintiff has demonstrated a risk of irreparable harm.  Plaintiff's president admitted that money damages would make the company whole for almost all of its claims.  Thus, an adequate remedy at law exists for almost every claim in this litigation.  There is also no basis to conclude that Devier, Spatz, and Pegg will use or disclose trade secrets.

The third factor that the Court must consider is whether issuance of the requested injunction will cause substantial harm.  Plaintiff's president admitted that without Spatz and Pegg, and especially Devier, ManTech could not adequately serve DeCA at the same level of service.  Rather, Gallatin explained, there would be a period of lesser, lower-quality service while ManTech and DeCA worked to train new employees capable of performing at the same level as these defendants.  Gallatin conceded that this would entail increased costs, including

costs to DeCA, but regarded them as not the worst waste of taxpayer funds that he has encountered.

The Court regards the foregoing harm to others as notable. A disruption in DeCA's functioning would by logical extension disrupt others, including potentially vendors and military personnel. The increased costs to the government are also not to be regarded as inconsequential.

Gallatin downplayed his initial admission that the costs and lesser level of service were not in the public interest, but this Court recognizes both circumstances as informing the fourth factor of the preliminary injunction analysis: whether issuance of the injunction would serve the public interest. The Court concludes that the public interest in an effectively functioning government agency, supplied military personnel, and well-spent government funds outweighs the public interest in enforcing questionable non-compete agreements.

The preliminary injunction factors therefore weigh against issuance of continued injunctive relief here.

### III. Conclusion

Having so weighed the foregoing considerations, the Court **DENIES** Plaintiff's motion for a preliminary injunction. (Doc. # 19.)

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE